MEMORANDUM **
Robert David Johnson appeals a district court order denying his habeas corpus petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
The California Supreme Court’s decision to deny Johnson’s ineffective assistance of counsel claim was not an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). To obtain relief on his state court petition, Johnson was required *519 to show “both that his counsel provided deficient assistance and that there was prejudice as a result.” Harrington v. Richter, 562 U.S. 86, 104, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). A petitioner attempting to show that his counsel’s performance was deficient must overcome “a strong presumption that counsel’s representation was within the wide range of reasonable professional assistance.” Id. (internal quotation marks omitted). And to show prejudice, the petitioner must demonstrate, that “[c]ounsel’s errors [were] so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.” Id. (internal quotation marks omitted). Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (“AEDPA”), our review of the state court’s decision is “doubly” deferential — that is, if there is “any reasonable argument” that counsel’s performance was satisfactory, we must affirm. Id. at 105,131 S.Ct. 770.
Here, we need not determine whether Johnson’s counsel provided reasonable professional assistance; Johnson’s claim fails on the prejudice prong. That is, Johnson fails to show that his counsel’s failure to consult a Riverside gang expert deprived him of a fair and reliable trial. Much of Johnson’s argument turns on his view that he and his co-perpetrators committed the underlying robbery not as gang members, but as childhood friends on their own frolic. He argues that a defense gang expert’s testimony about the distinctions between MDK, MD13, and RSSH would have undermined the state’s case that the crime was committed “in association with a criminal street gang.” For several reasons, the California Supreme Court could reasonably have rejected this argument.
First, Johnson’s habeas expert adds little to the evidence already presented at trial through the testimony of the state’s expert. For instance, the state’s expert testified about MDK’s split into MD13 and RSSH, and about the racial identities of the latter gangs. He further testified that MD13 and RSSH were separate gangs and that Johnson was a member of RSSH while his co-perpetrators were members of MD13. These are the same basic facts upon which Johnson now relies. Thus, the California Supreme Court could reasonably have concluded that additional gang expert testimony would not have changed the outcome of the case.
Second, and more importantly, the distinctions between the gangs are far from dispositive. Indeed, even if the jury had heard and credited all of the testimony by Johnson’s expert, it still could have found that the robbery was committed in association with either MDK or MD13. As for MDK, the evidence at trial undermined the habeas expert’s claim that MDK had ceased to exist by the time of the robbery. This evidence included the victim’s testimony that the perpetrators referred to MDK while committing the crime, as well as evidence that one perpetrator continued to sign letters with “MDK” after his name.
Moreover, even if it were true that MDK no longer existed, the evidence also supported a finding that the crime was committed in association with MD13, which descended from MDK. Because California’s gang enhancement applies to crimes committed merely “in association with” a criminal street gang, it does not depend on Johnson’s own membership in •the gang or his intent to further the gang’s interests. People v. Valdez, 55 Cal.4th 82, 132, 144 Cal.Rptr.3d 865, 281 P.3d 924 (2012). Thus the jury could properly have found that Johnson committed the crime in association with MD13 even while he was a member of RSSH, and even if, as the habeas expert opines, RSSH never would have agreed to Johnson’s working with MD13. Indeed, the value of such an expert *520 opinion is undermined by the simple fact that Johnson did commit a crime with MD13 members despite his own gang affil-. iation. And although Johnson portrays the robbery as a mere frolic unrelated to a gang, these co-perpetrators were known by Johnson to belong to MD13. Ample evidence therefore supported the conclusion that Johnson’s commission of robbery with these four co-perpetrators was “in association with” MD13. The California Supreme Court could reasonably have determined that more expert testimony about the relationship between these gangs would not have altered this conclusion.
We are similarly unpersuaded by Johnson’s argument, relying on People v. Prunty, 62 Cal.4th 59, 192 Cal.Rptr.3d 309, 355 P.3d 480 (2015), that a defense gang expert would have highlighted the state’s failure to show that MD13 was a criminal street gang. While the predicate acts were committed only by MDK, not by MD13, the state’s expert testified that MD13 descended directly from MDK. In that respect, this case is unlike Prunty, where the state sought to deem one gang a “criminal street gang” by introducing evidence of predicate acts committed by gang subsets whose relationship to the gang at issue was unproven. Id. at 81, 192 Cal.Rptr.3d 309, 355 P.3d 480. Under those circumstances, the court held that the state failed to show that the gang at issue had committed the predicate acts necessary to deem it a criminal street gang. Id. (“The critical shortcoming in the prosecution’s evidence was the lack of an associational or organizational connection between the two alleged Norteño subsets that committed the requisite predicate offenses, and the larger Nor-teño gang that Prunty allegedly assaulted Manzo to benefit.”) Here, in contrast, the relationship between MDK and MD13 was established at trial, and it was a direct lineage. The California Supreme Court could reasonably have determined that trial counsel’s failure to contest the evidence that MD13 was a criminal street gang was not prejudicial.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.